## LEE *v.* SPIKES.*

(Division A.   Feb. 21, 1927.)

[111 So. 450.   No. 26241.]

1. APPEAL AND ERROR.   *Original of stenographer's transcript is properly used in making up record for appeal* (*Laws* 1926, *chapter* 156, *section* 1).

   Under Laws 1926, chapter 156, section 1, it is the original of the stenographer's certified transcript that is to be used by the clerk in making up the record for the Supreme Court.

2. APPEAL AND ERROR.   *For omission of clerk to sign certificate to record, transcript will not be stricken.*

   Transcript will not be stricken from record for omission of clerk to sign his certificate to the record, an omission which can still be cured, but certiorari will issue directing him to send up proper certificate.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 431, n. 33; p. 506, n. 93 New; p. 507, n. 10, 12. As to necessity of filing transcript of stenographer's notes in making up record on appeal, see 2 R. C. L. 157; 1 R. C. L. Supp. 41.

APPEAL from circuit court of Bolivar county, Second district.

HON. W. A. ALCORN, JR., Judge.

Action between M. A. Lee and V. B. Spikes.   From the judgment, the former party appealed.   On motion to strike stenographer's notes from record.   Motion overruled.   For opinion on merits, see succeeding case in this volume.

*Somerville & Somerville,* for appellant.

*Clark, Roberts & Hallam,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The appellee has filed a motion to strike the stenographer's notes of the evidence from the record, for the rea-

son "that said notes were never filed for record within the time and in the manner required by law, and are not properly certified to this court."

In support of this motion it is said that the stenographer's transcript of the evidence does not appear to have been filed by the clerk, that the stenographer's certificate to this transcript which appears in the evidence is the original certificate and not a copy thereof, and that the clerk failed to sign his certificate to the correctness of the record.

Since the filing of this motion the clerk has filed a proper certificate showing that the stenographer's transcript of the record was marked "Filed" by him when delivered to him by the stenographer, and that the same now appears on the copy thereof in his office. The certificate of the stenographer that appears in the record seems to be the original and not a copy thereof, and, if it is, the statute was complied with thereby, for paragraph (a) of section 1, chapter 156, Laws of 1926, requires the stenographer to "file with the clerk the original and one carbon copy of his notes so transcribed;" and that "the original of such transcript shall be used by the clerk in making up the record for the supreme court."

The clerk did fail to sign his certificate to the record, which omission applies to the whole record and not only to the stenographer's transcript of the evidence. This omission, however, can still be supplied by the clerk; consequently, the motion will be overruled, and a writ of *certiorari* will be issued directing the clerk to send up a proper certificate to the record. So ordered.